**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Hilma Padilla,<br>Individually, and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>       -v-<br><br>SC Cleaning Service LLC, and<br>Olival Correa,<br><br>                      Defendants. | **Civ. Action #:**<br><br>**<u>Complaint</u>**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

       Plaintiff Hilma Padilla ("Plaintiff," or "Padilla"), by Abdul Hassan Law Group, PLLC, her attorneys, complaining of the Defendants SC Cleaning Service LLC, and Olival Correa (collectively "Defendants"), respectfully alleges as follows:

## <u>NATURE OF THE ACTION</u>

1. Plaintiff alleges on behalf of herself, and other similarly situated current and former hourly employees who worked for the Defendants, individually and/or jointly and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that she and they are: (i) entitled to unpaid wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff complains on behalf of herself and a class of other similarly situated current and former hourly employees who worked for the Defendants, pursuant to the Fed. R. Civ. Proc. 23, that she and they are: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, (ii) entitled to unpaid minimum wages from Defendants for working and being paid less than the applicable New York State minimum wage rate for each hour worked for Defendants in a week and (iii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab.

Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

3.  Plaintiff also alleges pursuant to the pursuant to the Fed. R. Civ. Proc. 23, on behalf of herself and a class of other similarly-situated current and former employees who were employed by Defendants pursuant to the New York Labor Law ("NYLL") that she and they are: (i) entitled to unpaid non-overtime wages and wage deductions from Defendants for not being paid their hourly rate for each and all non-overtime hours worked; and (ii) entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 190 et seq., including NYLL § 198, and the regulations thereunder.

4.  Plaintiff further complains under Fed. R. Civ. Proc. 23, on behalf of herself and a class of other similarly-situated current and former employees who were employed by Defendants as manual workers, within the six-year period preceding the filing of this action to the date of disposition of this action, that he and they: 1) were employed by Defendants within the State of New York as manual workers; 2) entitled to maximum liquidated damages (for the period after April 9, 2011) and interest for being paid overtime wages and non-overtime wages later than weekly; and 3) entitled to costs and attorneys' fees, pursuant to the New York Labor Law ("NYLL") §§ 191, 198, and the regulations thereunder; as well as an injunction prohibiting Defendants from continuing to violate the weekly payment requirement for manual workers set forth in NYLL 191.

5.  Plaintiff further complains on behalf of herself and a class of other similarly situated current and former hourly employees who worked for the defendant, pursuant to the Fed. R. Civ. Proc. 23, that she and they are: (i) entitled to recover full reimbursement of costs, including reimbursement for monies spent for gas/tolls while performing work for Defendants, under Article 6 of the New York Labor Law including Section 191, 193, 198, and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

6.  Plaintiff and the class members are also entitled to recover compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law,

and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

10. Plaintiff Hilma Padilla ("Plaintiff" or "Padilla") is an adult, over eighteen years old, who currently resides in Rockland County in the State of New York.

11. At all times relevant herein, Defendant SC Cleaning Service LLC ("SC Cleaning" or "Defendant") was a for-profit Limited Liability Company.

12. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

13. Upon information and belief and at all times relevant herein, the corporate Defendant was owned/controlled/managed by Defendant Olival Correa ("Correa") who were in charge of the operations and management of Defendant SC Cleaning.

14. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

15. Upon information and belief, Defendants shared a principal place of business in Bergen

county, New Jersey at 280 E 54th Street, #2, Elmwood Park, NJ 07407, and employed Plaintiff
to do cleaning work including in Manhattan, New York.

16. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

17. Upon information and belief, and at all relevant times herein, Defendants were engaged in the
business of providing cleaning services in the New York Tri-State Area.

18. Upon information and belief, and at all relevant times herein, Defendants employed
approximately 50 persons at any given time and over 200 persons during the class period.

19. At all times relevant herein, Defendants individually, and/or jointly employed Plaintiff as a
cleaner and performed all duties within this capacity.

20. Plaintiff Padilla was employed by Defendants from on or about March 24, 2018 to on or about
November 4, 2018.

21. Upon information and belief, and at all times relevant herein, Plaintiff was an hourly employee
of Defendants, and her regular rate was $10 an hour.

22. Upon information and belief, and at all times relevant herein, Plaintiff worked approximately
43-45 hours a week for Defendants and likely more; 6 days a week but Plaintiff was only paid
for 35 hours worked each week – Plaintiff was not paid *any* wages for hours worked in excess
of 35 in a week, for each week during her employment with Defendants.

23. A more precise statement of the hours and wages will be made when Plaintiff Padilla obtains
the wage and time records Defendants were required to keep under the FLSA and NYLL.
Accurate copies of Plaintiff's wage and time records that Defendants were required to keep
pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6, are incorporated
herein by reference.

24. At all times relevant herein, Defendants failed to pay Plaintiff at a rate of at least 1.5 times her

regular rate for hours worked in excess of 40 in a week, for each week during the period of his employment with Defendants.

25. Upon information and belief, Defendants failed to pay Plaintiff and the putative class members at a rate of 1.5 times their regular rate for each and all overtime hours worked (hours over 40 in a week).

26. At all times relevant herein, Defendants failed to pay Plaintiff and the putative class members at a rate of at least the NYS minimum wage rate for each and all hours worked in a week, for each week during their employment with Defendants.

27. At all times relevant herein, Defendants failed to pay Plaintiff and the putative class members for all hours worked in each week during their employment with Defendant in violation of Article 6 of the New York Labor Law.

28. At all times relevant herein, Defendants paid Plaintiff and the class on a bi-weekly basis in violation of NYLL 191 (1)(a)(i).

29. At all times relevant herein, Defendants required Plaintiff to commute from job to job throughout her workday but failed to reimburse Plaintiff for costs of gas/tolls expended while performing work for Defendants – Plaintiff is owed about $25 or more per week in work-related expenses, for each week during her employment with Defendants.

30. At all times relevant herein, Defendants' policy and practice of failing to reimburse Plaintiff for costs of work-related expenses including gas/tolls each week, applied to Plaintiff and the putative class members.

31. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

32. At all times relevant herein, Defendants did not provide Plaintiff and the class with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all hours worked by Plaintiff in each week, among other deficiencies.

33. Upon information and belief and at all times relevant herein, Defendants had annual revenues

and/or expenditures in excess of $500,000.

34. At all times applicable herein, Defendants conducted business with vendors/entities/persons within the State of New York.

35. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems.

36. At all times applicable herein and upon information and belief, Defendants utilized the goods, materials, and services through interstate commerce such as cleaning equipment and supplies,

37. At all times applicable herein and upon information and belief, Defendants conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

38. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL.

39. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly, failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

40. The circumstances of Plaintiff's termination is under review and investigation and Plaintiff may assert wrongful termination and other claims at a later time.

41. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

42. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1

through 41 above as if set forth fully and at length herein.

43. The named Plaintiff has consented to be part of this action by the filing of this action on her behalf and with his consent.

44. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

45. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former employees of Defendants, and who 1) worked more than forty hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

46. The class includes but is not limited to maintenance workers, and employees in similar positions.

47. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over 200 members of the class during the class period.

48. The class definition will be refined as is necessary, including after discovery if necessary.

49. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendants within the meaning of the FLSA – 29 U.S.C 201 et Seq.

50. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendants constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

51. Upon information and belief and at all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

52. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff, and all those similarly similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

53. Due to Defendants' FLSA violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendants, their unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq.  and 12 NYCRR 142-2.2 etc. (Unpaid Overtime + Min Wages )

54. Plaintiff alleges on behalf of herself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 52 above as if set forth fully and at length herein.

### CLASS ALLEGATIONS

55. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

56. The class of similarly-situated individuals as to the overtime cause of action under the NYLL is defined as current and former hourly employees of Defendants, and who: 1) were employed by Defendants within the State of New York; 2) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; and 3) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

57. The class of similarly-situated individuals as to the NYS Minimum wage cause of action under the NYLL is defined as current and former hourly employees of Defendants, and who: 1) were employed by Defendants within the State of New York within at least the six-year period, preceding the filing of this complaint; and 2) were not paid at a rate of at least the NYS minimum wage rate for each and all hours in a week, for each week during their employment with Defendants as also explained above.

58. The class definition will be refined as is necessary, including after discovery if necessary.

59. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over 200 members of the class during the class period.

60. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

61. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least 1.5 times the applicable regular rate for all hours in excess of forty in a week.

62. Upon information and belief, the claims of the representative party are typical of the claims of the class.

63. The representative party will fairly and adequately protect the interests of the class.

64. The Defendants has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

65. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

   (a) Whether, Defendants failed and/or refused to pay the Plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

   (b) Whether, Defendants failed and/or refused to pay the Plaintiff and the putative class

members at a rate of at a rate of at least the NYS minimum wage rate for each and all hours worked in each week, within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.1.

66. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants and in light of the large number of putative class members.

67. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

68. At all times relevant herein, Defendants failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

69. At all times relevant herein, Defendants failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, at a rate of at least the NYS Minimum wage rate for each and all hours worked in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.1.

### Relief Demanded

70. Due to Defendant's NYLL overtime violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendants, their unpaid overtime and minimum wage compensation, maximum liquidated damages – including liquidated damages on overtime and minimum wages paid later than weekly, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

### AS AND FOR A THIRD CAUSE OF ACTION
### (Unpaid wages - Article 6 of the NYLL)

71. Plaintiff alleges on behalf of herself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 70 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

72. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

73. The class of similarly-situated individuals as to the Article 6 cause of action for unpaid wages under the NYLL is defined as current and former hourly employees of Defendants, and who: 1) were employed by Defendant within the State of New York; 2) were hourly employees, within at least the six-year period, preceding the filing of this complaint; and 3) were not paid for all hours worked in a week, for some or all weeks during their employment with Defendants as also explained above.

74. The class definition will be refined as is necessary, including after discovery if necessary.

75. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over 200 members of the class during the class period.

76. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

77. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid for each and all hours worked in each week during their employment with Defendants.

78. Upon information and belief, the claims of the representative party are typical of the claims of the class.

79. The representative party will fairly and adequately protect the interests of the class.

80. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

81. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

(a)  Whether, Defendants failed and/or refused to pay the Plaintiff and the putative class members for each and all hours worked in each week during their employment with Defendants.

82. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants and in light of the large number of putative class members.

83. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651, and NYLL 190.

84. At all times relevant herein, Defendants failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, for each and all hours worked in each week during their employment with Defendants in violation of Article 6 of the New York Labor Law.

## **Relief Demanded**

85. Due to Defendants' Article 6 violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendants, their unpaid wages, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

## **AS AND FOR A FOURTH CAUSE OF ACTION**

**(NYLL § 191, 198 - Untimely Wage Payments)**

86. Plaintiff alleges on behalf of himself and all others similarly-situated and incorporates by reference the allegations in paragraphs 1 through 85 above.

## CLASS ALLEGATIONS

87. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

88. The class of similarly-situated individuals as to the NYLL 191(1)(a)(i) violations cause of action under the NYLL is defined as current and former employees who worked for the Defendants as manual workers within the State of New York and who: 1) were not paid their non-overtime and/or overtime wages weekly as also explained above, within at least the six-year period, preceding the filing of this complaint to the date of disposition of this action.

89. The class definition will be refined as is necessary, including after discovery if necessary.

90. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over 200 members of the class during the class period.

91. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

92. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid wages weekly.

93. Upon information and belief, the claims of the representative party are typical of the claims of the class.

94. The representative party will fairly and adequately protect the interests of the class.

95. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

96. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

   (a) Whether, Defendants failed and/or refused to pay the Plaintiff and the putative class members their wages weekly, as required by NYLL 191 (1)(a).

97. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants and in light of the large number of putative class members.

98. At all times relevant to this action, plaintiff and all those similarly-situated as class members, were employed by Defendants within the meaning of the New York Labor Law, §§ 190 et Seq., including NYLL 191(1)(a) and the regulations thereunder.

99. At all times relevant herein, Defendants failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, their wages including overtime and non-overtime wages weekly, in violation of the NYLL 191(1)(a).

## **Relief Demanded**

100. Due to Defendant's NYLL 190 et Seq. violations, Plaintiff, and all those similarly situated, are entitled to recover from Defendants, maximum liquidated damages (for the period after April 9, 2011), and interest on wages paid later than weekly, plus attorneys' fees, and costs of the action, pursuant to NYLL § 198.

## **AS AND FOR A FIFTH CAUSE OF ACTION**
## **NYLL § 190, 193, – Unlawful Deductions/ Withheld Wages**

100. Plaintiff alleges on behalf of herself and all others similarly situated, and incorporates each and every allegation contained in paragraphs 1 through 100 above with the same force and effect as if fully set forth at length herein.

## CLASS ALLEGATIONS

101. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

102. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, and 198 and the applicable regulations thereunder.

103. The class of similarly-situated individuals as to the unlawful deductions/withheld wages cause of action under the NYLL is defined as current and former employees who worked for the Defendants within the State of New York such as cleaners: 1) who worked for Defendants in New York State and throughout the United States; 2) who were not reimbursed for the costs of work-related expenses such as for the costs of gas/tolls; during the six-year period prior to the filing of this action, to entry of judgment in this case (the "Class" and "class period", respectively).

104. The persons in the Class identified above are so numerous that joinder of all members is impracticable.

105. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are over 200 members of the Class during the class period.

106. There are questions of law and fact common to the Class which predominate over any questions affecting only individual members.

107. The claims of the representative party are typical of the claims of the Class.

108. The representative party will fairly and adequately protect the interests of the Class.

109. A class action is superior to other available methods for the fair and efficient adjudication of the controversy -particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against corporate Defendants.

110. The Defendants have acted or refused to act on grounds generally applicable to the class thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

111. There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including: (a) whether Defendants failed and/or refused to reimburse Plaintiff and the putative class for the costs of work-related expenses such for costs of gas/tolls.

112. At all relevant times herein, Defendants violated and willfully violated the rights of Plaintiff and the class members under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to reimburse Plaintiff for the costs of gas/tolls used while performing work for Defendants as described above.

## **Relief Demanded**

113. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff and the putative class are entitled to recover from Defendants, all of their job-related expenses such as their costs/expenses for gas/tolls as set forth above, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## **AS AND FOR A SIXTH CAUSE OF ACTION**
## **NYLL § 190, 191, 193, 195 and 198**

114. Plaintiff alleges on behalf of herself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 113 above as if set forth fully and at length herein.

## **CLASS ALLEGATIONS**

115. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

116. The class of similarly-situated individuals as to the cause of action for NYLL 195(1) and

NYLL 195(3) violations is defined as current and former hourly employees of Defendants who: 1) were not provided with the notice(s) required by NYLL 195(1), or 2) were not provided with the statement(s) required by NYLL 195(3).

117. The class includes but is not limited to employees who did not receive wage statements, employees who received wage statements but whose wage statements did not reflect all hours worked or all wages earned, and employees who did not receive the required wage notices setting forth the regular and overtime rate of pay among other information.

118. The class definition will be refined as is necessary, including after discovery if necessary.

119. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over 200 members of the class during the class period.

120. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

121. Upon information and belief, there are questions of law or fact common to the class – (a) whether Defendants failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and (b) whether Defendants failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

122. Upon information and belief, the claims of the representative party are typical of the claims of the class.

123. The representative party will fairly and adequately protect the interests of the class.

124. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

125. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

(a) whether Defendants failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and whether Defendants failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

126. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants and in light of the large number of putative class members.

127. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

128. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff and the class members with the notice(s) required by NYLL 195(1) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

129. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff and the class members with the statement(s) required by NYLL 195(3) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## **Relief Demanded**

130. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193, 195 and 198, Plaintiff, and all those similarly-situated, are entitled to recover from Defendants, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## **AS AND FOR A SEVENTH CAUSE OF ACTION**

**NYLL § 190, 191, 193 and 198 – Unpaid and Withheld Wages**

131. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 130 above with the same force and effect as if fully set forth at length herein.

132. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193 and 198 and the applicable regulations thereunder.

133. At all times relevant herein, Plaintiff only received wages from Defendants at $10 an hour in violation of the agreement between Plaintiff and Defendants for Defendants to pay Plaintiff at a regular rate of $15 an hour.

134. At all relevant times herein, Defendants violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all her wages, including his unpaid non-overtime and overtime wages, minimum wages, unpaid wage deductions etc, within the time required under NY Labor Law § 190 et seq.

**Relief Demanded**

135. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, his entire unpaid wages, including his unpaid non-overtime and overtime wages, minimum wages, unlawful wage deductions/work expenses, maximum liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

136. Declare Defendants, individually, and/or jointly, to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

137. As to the **First Cause of Action**, award Plaintiff and those similarly situated, who opt-in to

this action, their unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

138. As to his **Second Cause of Action**, award Plaintiff and those similarly situated, their unpaid overtime wages and minimum wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, 2.1, together with maximum liquidated damages – including maximum liquidated damages on overtime and minimum wages paid later than weekly, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

139. As to the **Third Cause of Action**, award of Plaintiff and those similarly situated as class members, their unpaid wages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

140. As to the **Fourth Cause of Action**, order Defendants to pay Plaintiff and the class, interest thereon, maximum liquidated damages (for the period after April 9, 2011), and interest on wages paid later than weekly, plus attorneys' fees, costs and disbursements pursuant to NYLL §§ 191, 198

141. As to the **Fifth Cause of Action**, award Plaintiff and the putative class, any and all outstanding unreimbursed work-related expenses, including all unreimbursed expenses/costs of gas/tolls, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

142. As to the **Sixth Cause of Action**, award Plaintiff and those similarly situated, award of Plaintiff and those similarly situated as class members, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

143. As to his **Seventh Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his unpaid non-overtime and overtime wages, minimum wages, unlawful wage deduction/work expenses, maximum liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

144. Award Plaintiff prejudgement interest on all monies due;

145. Award Plaintiff and all others similarly situated where applicable, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

146. Award Plaintiff and all others similarly situated, such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
            **December 24, 2018**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan                          
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF